Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LECHNER, Individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>INFUSYSTEM HOLDINGS, INC., ERIC K. STEEN, and JONATHAN P. FOSTER,<br><br>     Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff John Lechner ("Plaintiff"), by Plaintiff's undersigned attorneys, individually and on behalf of all other persons similarly situated, alleges the following based upon personal knowledge as to Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding InfuSystem Holdings, Inc.

("InfuSystem" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action brought on behalf of a class consisting of all persons and entities, other than defendants and their affiliates, who purchased or otherwise acquired the securities of InfuSystem from May 12, 2015 to November 7, 2016, inclusive (the "Class Period"), seeking to recover compensable damages caused by Defendants' violations of federal securities laws (the "Class").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. § 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 8 240.10b-5).

3.      This Court has jurisdiction over the subject matter of this action pursuant to § 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331.

4.      Venue is proper in this District pursuant to §27 of the Exchange Act, 15 U.S.C. §78aa and 28 U.S.C. §1391(b), as a substantial part of the conduct complained of herein occurred and the Company conducts business in this District.

5.      In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.      Plaintiff, as set forth in the attached Certification, acquired InfuSystem securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

Class Action Complaint for Violation of the Federal Securities Laws

7.     Defendant InfuSystem is a healthcare company that provides infusion pumps and related products and services for patients in the home, oncology clinics, ambulatory surgery centers, and other sites of care from five locations serving the United States and Canada. InfuSystem is a Delaware corporation and headquartered in Madison Heights, Michigan. InfuSystem maintains an office 10349 Heritage Park Dr., Unit 2, Santa Fe Springs, CA 90670. InfuSystem securities trade on the New York Stock Exchange ("NYSE") under the ticker symbol "INFU."

8.     Defendant Eric K. Steen ("Steen") has served as the Company's President and Chief Executive Officer throughout the Class Period.

9.     Defendant Jonathan P. Foster ("Foster") has served as the Company's Chief Financial Officer throughout the Class Period.

10.    Defendants Steen and Foster are sometimes referred to herein as the "Individual Defendants."

11.    Each of the Individual Defendants:

a.  directly participated in the management of the Company;

b.  was directly involved in the day-to-day operations of the Company at the highest levels;

c.  was privy to confidential proprietary information concerning the Company and its business and operations;

d.  was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

e.  was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

f.  was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

g.  approved or ratified these statements in violation of the federal securities laws.

Class Action Complaint for Violation of the Federal Securities Laws

12.     InfuSystem is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency as all of the wrongful acts complained of herein were carried out within the scope of their employment with authorization.

13.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to InfuSystem under *respondeat superior* and agency principles.

14.     Defendant InfuSystem and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

## Materially False And Misleading Statements Issued During the Class Period

15.     The Class Period starts on May 12, 2015, when the Company filed a Form 10-Q for the quarter ended March 31, 2015 (the "1Q15 10-Q") with the SEC, which provided the Company's first quarter 2015 financial results and position and stated that the Company's internal control over financial reporting was effective as of March 31, 2015. The 1Q15 10-Q was signed by Defendants Steen and Foster. The 1Q15 10-Q contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Steen and Foster attesting to the accuracy of the financial statements, effectiveness of internal controls, and that all fraud was disclosed.

16.     On August 13, 2015, the Company filed a Form 10-Q for the quarter ended June 30, 2015 (the "2Q15 10-Q") with the SEC, which provided the Company's second quarter 2015 financial results and position and stated that the Company's internal control over financial reporting was effective as of June 30, 2015. The 2Q15 10-Q was signed by Defendants Steen and Foster. The 2Q15 10-Q contained signed SOX certifications by Defendants Steen and Foster attesting to the accuracy of the financial statements, effectiveness of internal controls, and that all fraud was disclosed.

Class Action Complaint for Violation of the Federal Securities Laws

17.     On November 12, 2015, the Company filed a Form 10-Q for the quarter ended September 30, 2015 (the "3Q15 10-Q") with the SEC, which provided the Company's third quarter 2015 financial results and position and stated that the Company's internal control over financial reporting was effective as of September 30, 2015. The 3Q15 10-Q was signed by Defendants Steen and Foster. The 3Q15 10-Q contained signed SOX certifications by Defendants Steen and Foster attesting to the accuracy of the financial statements, effectiveness of internal controls, and that all fraud was disclosed.

18.     On March 9, 2016, the Company filed a Form 10-K for the fiscal year ended December 31, 2015 (the "2015 10-K") with the SEC, which provided the Company's year end financial results and position and stated that the Company's internal control over financial reporting was effective as of December 31, 2015. The 2015 10-K was signed by Defendants Steen and Foster. The 2015 10-K contained signed SOX certifications by Defendants Steen and Foster attesting to the accuracy of the financial statements, effectiveness of internal controls, and that all fraud was disclosed.

19.     On May 10, 2016, the Company filed a Form 10-Q for the quarter ended March 31, 2016 (the "1Q16 10-Q") with the SEC, which provided the Company's first quarter 2016 financial results and position and stated that the Company's internal control over financial reporting was effective as of March 31, 2016. The 1Q16 10-Q was signed by Defendants Steen and Foster. The 1Q16 10-Q contained signed SOX certifications by Defendants Steen and Foster attesting to the accuracy of the financial statements, effectiveness of internal controls, and that all fraud was disclosed.

20.     On August 10, 2016, the Company filed a Form 10-Q for the quarter ended June 30, 2016 (the "2Q16 10-Q") with the SEC, which provided the Company's second quarter 2016 financial results and position and stated that the Company's internal control over financial reporting was effective as of June 30, 2016. The 2Q16 10-Q was signed by Defendants Steen and Foster. The 2Q16 10-Q contained signed SOX

Class Action Complaint for Violation of the Federal Securities Laws

certifications by Defendants Steen and Foster attesting to the accuracy of the financial statements, effectiveness of internal controls, and that all fraud was disclosed.

21.     The statements referenced in ¶¶ 15-21 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company lacked effective internal control over financial reporting; (2) the Company's financial statements dating back to the beginning of 2015 overstated the estimated accounts receivable collections which in turn overstated revenues and pre-tax income by a corresponding amount; (3) the Company's financial statements dating back to the beginning of 2015 could no longer be relied upon; and (4) as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times.

### The Truth Slowly Emerges

22.     On November 7, 2016, the Company filed a Form 8-K with the SEC stating that previously issued financial statements should not be relied upon, stating in relevant part:

**Item 4.02.   Non-Reliance on Previously Issued Financial Statements or a Related Audit Report or Completed Interim Review.**

(a) On November 1, 2016, the Audit Committee of the Board of Directors of InfuSystem Holdings, Inc. (the "Company") concluded, after review and discussion with management and the Company's independent registered public accounting firm, BDO USA, LLP ("BDO"), that *the Company's audited financial statements for the fiscal year ended December 31, 2015, and the Company's unaudited financial statements for each of the fiscal quarters ended March 31, 2015 through June 30, 2016 (collectively, the "Financial Statements") should no longer be relied upon. The Financial Statements contained an error related to an overstatement of*

- 6 -

Class Action Complaint for Violation of the Federal Securities Laws

***estimated accounts receivable collections which in turn overstated revenues and pre-tax income by a corresponding amount.***

As of the date of this filing, the Audit Committee's internal review of this matter is not complete. ***Nevertheless, the Audit Committee believes that material adjustments to the Financial Statements are required and that the Company will need to restate the Financial Statements.***

Due to the nature of the industry and the reimbursement environment in which the Company operates, certain estimates are required to record net revenues and accounts receivable at their net realizable value. The Company reports accounts receivable at the estimated net realizable amounts from patients, third-party payors and other direct pay customers for goods provided and services rendered. The Company records an allowance for doubtful accounts and contractual allowance (to reduce gross billed charges to a contractual or estimated net realizable value from third-party payors) based on the estimated collectability of the accounts such that the recorded amounts reflect estimated net realizable value. Upon determination that an account is uncollectible, the account is written-off and charged to the contractual allowance or the allowance for doubtful accounts, depending upon whether the account relates to a third-party payor or a patient. The Company's contractual allowance is a reduction to accounts receivable, similar in nature to the allowance for doubtful accounts. However, additions to the contractual allowance each period offset the gross billed charges, which are not publicly reported in the Company's filings, to arrive at net revenue, which is publicly reported in the Company's income statement. The additions to allowance for doubtful accounts, however, impact the bad debt expense line item of the income statement. Accounts receivable, net, is currently reported in the Company's consolidated Financial Statements, as accounts receivable less allowance for bad debt and contractual allowances. The Company's estimate for its contractual allowance is based upon management's assessment of historical and expected net collections. The Company discovered that it has been applying an incorrect cash collection percentage due to an error when calculating the historical collection percentage from certain billings to third-parties. This calculation error resulted in an overstatement of historical cash collection percentages from this revenue, which was then used to

- 7 -

Class Action Complaint for Violation of the Federal Securities Laws

estimate future cash collections relative to an outstanding accounts receivable balance. The error affects only the Company's rentals of infusion pumps to patients, which are paid for by third-party insurance payors. Revenue resulting from sales, service and rentals directly billed to health care providers is not impacted by this error.

At this time, the Company estimates that the impact on the Financial Statements would be to increase the provision for contractual allowance (thereby reducing accounts receivable as shown on the balance sheet) by an aggregate cumulative amount of approximately $3.3 million with a corresponding decrease in revenue and pre-tax income of the same amount, spread over the periods covered by the Financial Statements. The following table provides a quarterly breakdown of the estimated impact of this error on our revenues and pre-tax income for each quarter, in which the impact has generally increased monthly due to the error affecting a larger percentage of the calculation's historical measurement period:

|  | Three Months Ended | | | | | |
|---|---|---|---|---|---|---|
| *(in thousands)* | Mar. 31 2015 | June 30 2015 | Sep. 30 2015 | Dec. 31 2015 | Mar. 31 2016 | June 30 2016 |
| Unaudited Estimated Impact | $ 173 | $ 234 | $ 380 | $ 795 | $ 751 | $ 943 |

The Company is working with its Audit Committee and the Company's independent auditor to determine the full impact of these potential adjustments on the Financial Statements. However, until the review is complete and a final determination is made, the Company cannot provide assurance regarding the complete impact of any adjustments on the Financial Statements for the affected periods, and the Company cannot provide assurance that the adjustments identified above are representative of the adjustments that will be required when the review is complete. Furthermore, the Company cannot provide assurance that the review will not identify further adjustments that may be required.

In connection with the Audit Committee's internal review, the Company is evaluating its internal control over financial reporting to determine if any significant deficiencies or material weaknesses in such controls caused or contributed to any potential adjustments that may be required.

Class Action Complaint for Violation of the Federal Securities Laws

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Audit Committee has discussed the matters disclosed in this Item 4.02 with BDO.

The Audit Committee plans to complete its internal review and file its Quarterly Report on Form 10-Q for the fiscal quarter and nine months ended September 30, 2016 ("2016 Q3 Form 10-Q") and the restated Financial Statements as promptly as possible. Although the Company will seek to extend the time required to file its 2016 Q3 Form 10-Q in accordance with Rule 12b-25 under the Securities Exchange Act of 1934, as amended, there can be no assurance that the Company will be able to file such report within the time period prescribed by Rule 12b-25.

(Emphasis added).

23.    On this news, the Company's shares fell $1.00 per share or over 38.46% to close at $1.60 per share on November 7, 2016, damaging investors.

24.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

25.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired InfuSystem securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

26.    The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, InfuSystem securities were actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and

Class Action Complaint for Violation of the Federal Securities Laws

1   other members of the Class may be identified from records maintained by InfuSystem
2   or its transfer agent and may be notified of the pendency of this action by mail, using
3   the form of notice similar to that customarily used in securities class actions.

4        27.   Plaintiff's claims are typical of the claims of the members of the Class as
5   all members of the Class are similarly affected by Defendants' wrongful conduct in
6   violation of federal law that is complained of herein.

7        28.   Plaintiff will fairly and adequately protect the interests of the members of
8   the Class and has retained counsel competent and experienced in class and securities
9   litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

10       29.   Common questions of law and fact exist as to all members of the Class
11   and predominate over any questions solely affecting individual members of the Class.
12   Among the questions of law and fact common to the Class are:

13   •   whether the federal securities laws were violated by Defendants' acts as
14       alleged herein;

15   •   whether statements made by Defendants to the investing public during the
16       Class Period misrepresented material facts about the business, operations
17       and management of InfuSystem;

18   •   whether the Individual Defendants caused InfuSystem to issue false and
19       misleading financial statements during the Class Period;

20   •   whether Defendants acted knowingly or recklessly in issuing false and
21       misleading financial statements;

22   •   whether the prices of InfuSystem securities during the Class Period were
23       artificially inflated because of the Defendants' conduct complained of
24       herein; and

25   •   whether the members of the Class have sustained damages and, if so, what
26       is the proper measure of damages.

27       30.   A class action is superior to all other available methods for the fair and
28   efficient adjudication of this controversy since joinder of all members is impracticable.

Class Action Complaint for Violation of the Federal Securities Laws

Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

31.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- InfuSystem securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NYSE and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold InfuSystem securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

32.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

33.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## **COUNT I**

Class Action Complaint for Violation of the Federal Securities Laws

## Violations of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

34.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

35.     This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

36.     During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of InfuSystem securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire InfuSystem securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

37.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for InfuSystem securities. Such reports, filings, releases and statements were materially false and

misleading in that they failed to disclose material adverse information and misrepresented the truth about InfuSystem's finances and business prospects.

38.    By virtue of their positions at InfuSystem, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants. Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth. In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

39.    Defendants were personally motivated to make false statements and omit material information necessary to make the statements not misleading in order to personally benefit from the sale of InfuSystem securities from their personal portfolios.

40.    Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control. As the senior managers and/or directors of InfuSystem, the Individual Defendants had knowledge of the details of InfuSystem's internal affairs.

41.    The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of InfuSystem. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to InfuSystem's businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of InfuSystem securities was artificially inflated throughout the Class

1  Period. In ignorance of the adverse facts concerning InfuSystem's business and
2  financial condition which were concealed by Defendants, Plaintiff and the other
3  members of the Class purchased or otherwise acquired InfuSystem securities at
4  artificially inflated prices and relied upon the price of the securities, the integrity of the
5  market for the securities and/or upon statements disseminated by Defendants, and were
6  damaged thereby.

7      42.   During the Class Period, InfuSystem securities were traded on an active
8  and efficient market. Plaintiff and the other members of the Class, relying on the
9  materially false and misleading statements described herein, which the Defendants
10 made, issued or caused to be disseminated, or relying upon the integrity of the market,
11 purchased or otherwise acquired shares of InfuSystem securities at prices artificially
12 inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the
13 Class known the truth, they would not have purchased or otherwise acquired said
14 securities, or would not have purchased or otherwise acquired them at the inflated
15 prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and
16 the Class, the true value of InfuSystem securities was substantially lower than the prices
17 paid by Plaintiff and the other members of the Class. The market price of InfuSystem
18 securities declined sharply upon public disclosure of the facts alleged herein to the
19 injury of Plaintiff and Class members.

20     43.   By reason of the conduct alleged herein, Defendants knowingly or
21 recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and
22 Rule 10b-5 promulgated thereunder.

23     44.   As a direct and proximate result of Defendants' wrongful conduct,
24 Plaintiff and the other members of the Class suffered damages in connection with their
25 respective purchases, acquisitions and sales of the Company's securities during the
26 Class Period, upon the disclosure that the Company had been disseminating
27 misrepresented financial statements to the investing public.

28                          **COUNT II**

Class Action Complaint for Violation of the Federal Securities Laws

**Violations of Section 20(a) of The Exchange Act**
**Against The Individual Defendants**

45.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46.     During the Class Period, the Individual Defendants participated in the operation and management of InfuSystem, and conducted and participated, directly and indirectly, in the conduct of InfuSystem's business affairs. Because of their senior positions, they knew the adverse non-public information about InfuSystem's current financial position and future business prospects.

47.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to InfuSystem's business practices, and to correct promptly any public statements issued by InfuSystem which had become materially false or misleading.

48.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which InfuSystem disseminated in the marketplace during the Class Period concerning the Company's business, operational and accounting policies. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause InfuSystem to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of InfuSystem within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of InfuSystem securities.

49.     Each of the Individual Defendants, therefore, acted as a controlling person of InfuSystem. By reason of their senior management positions and/or being directors of InfuSystem, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, InfuSystem to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control

- 15 -

1  over the general operations of InfuSystem and possessed the power to control the

2  specific activities which comprise the primary violations about which Plaintiff and the

3  other members of the Class complain.

4       50.   By reason of the above conduct, the Individual Defendants are liable

5  pursuant to Section 20(a) of the Exchange Act for the violations committed by

6  InfuSystem.

7  **PRAYER FOR RELIEF**

8  WHEREFORE, Plaintiff demands judgment against Defendants as follows:

9       A.   Determining that the instant action may be maintained as a class action

10  under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the

11  Class representative;

12       B.   Requiring Defendants to pay damages sustained by Plaintiff and the Class

13  by reason of the acts and transactions alleged herein;

14       C.   Awarding Plaintiff and the other members of the Class prejudgment and

15  post-judgment interest, as well as her reasonable attorneys' fees, expert fees and other

16  costs; and

17       D.   Awarding such other and further relief as this Court may deem just and

18  proper.

Class Action Complaint for Violation of the Federal Securities Laws

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated: November 8, 2016                  Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

Class Action Complaint for Violation of the Federal Securities Laws