O

# United States District Court
# Central District of California

JOHN LECHNER, individually and on
behalf of all others similarly situated;
NICOYA CAPITAL LLC; and JOSEPH
SALISBURY,

Plaintiff,

v.

INFUSYSTEM HOLDINGS, INC.; ERIC
K. STEEN; and JONATHAN P. FOSTER,

Defendants.

Case № 2:16-cv-08295-ODW(AGRx)

**ORDER GRANTING NICOYA
CAPITAL'S MOTION FOR
APPOINTMENT OF COUNSEL AND
LEAD PLAINTIFF [9] AND
DENYING JOSEPH SALISBURY'S
MOTION FOR APPOINTMENT OF
COUNSEL AS MOOT [13]**

## I.   INTRODUCTION

Before the Court is a securities fraud putative class action lawsuit against Defendants InfuSystem Holdings, Inc., Eric K. Steen, and Jonathan P. Foster. Plaintiffs Nicoya Capital LLC and Joseph Salisbury each filed competing motions for appointment as lead plaintiff and for lead counsel.  (ECF Nos. 9; 13.)  In response to Nicoya Capital's opposition, Salisbury filed a non-opposition, conceding that Nicoya Capital holds a greater financial interest: $41,116.78 to Salisbury's $1,898.  (ECF No. 18.)  For the reasons discussed below, the Court **GRANTS** Nicoya Capital's motion for appointment of lead counsel and lead plaintiff, and **DENIES AS MOOT** Salisbury's motion.

## II.   FACTUAL BACKGROUND

InfuSystem, a Delaware corporation headquartered in Michigan, sells infusion pumps and related devices for patients.  (*Id.* ¶ 7.)  Eric Steen served InfuSystem as President and CEO; Jonathan Foster, as CFO.  (*Id.* ¶¶ 1, 8-9.)  Between May 12, 2015 and November 7, 2016, InfuSystem issued six financial statements with the Securities and Exchange Commission: the quarterly 10-Q forms and the annual 10-K form.  (*Id.* ¶¶ 15-20.)  Steen and Foster were responsible for and attested to the accuracy of these SEC submissions, effective internal controls, and all fraud disclosures between the first quarter of 2015 and the second quarter of 2016.  (*Id.* ¶¶ 15-21.)

Yet on November 7, 2016, InfuSystem filed Form 8-K with the SEC indicating that financial statements spanning from 2015 to June 30, 2016, overstated the "accounts receivable collections[,] which in turn overstated revenues and pre-tax income by a corresponding amount."  (*Id.* ¶ 22.)  Upon InfuSystem's admissions, investors suffered losses as InfuSystem shares fell by $1.00 per share and closed at $1.60 on November 7, 2016.  (*Id.* ¶¶ 22-24.)  Thus, Plaintiff-investors allege that they were misled and that Defendants made false statements related to financial reporting.  (*Id.* ¶ 21.)

On November 8, 2016, Plaintiff-investor John Lechner filed the complaint in this case.  (ECF No. 1.)  Subsequently, Nicoya Capital and Salisbury filed competing motions for appointment as lead plaintiff and for appointment of their respective lead counsel.  (ECF Nos. 9; 13.)  Rosen Law for Nicoya Capital and Jennifer Pafiti for Salisbury each filed corresponding declarations supporting their respective appointment as lead counsel.  (ECF Nos. 11; 15.)  Because the parties filed a waiver of oral argument, the motions are ready for decision.  (*See* ECF No. 19.)  Although Nicoya Capital's motion is unopposed, the Court nonetheless must analyze whether it and its counsel are appropriate to lead this putative class action.

### III.   LEGAL STANDARD

There are two relevant legal standards for purposes of this motion: the standard for appointment of lead plaintiff and the standard for appointment of lead counsel.

**A.     Lead Plaintiff Legal Standard**

The Private Securities Litigation Reform Act of 1995 ("PSLRA") governs the selection of a lead plaintiff; that party should be the "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i) (2012). The Ninth Circuit has stated a "simple three-step process for identifying the lead plaintiff" in private class actions arising under the Securities and Exchange Act of 1934.  *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

Under *Cavanaugh*'s first step, the court must verify that a proposed lead plaintiff has publicized "the pendency of the action, the claims made and the purported class period" in accordance with the statutory requirements of the PSLRA. *Id.* at 729; *see also* 15 U.S.C. § 78u-4(a)(3)(A)(i).  That verification in turn requires analysis of two prongs.  First, the plaintiff must publish notice of the action within 20 days after filing the complaint.  15 U.S.C. § 78u-4(a)(3)(A)(i).  Second, any class member must move for appointment as lead plaintiff within 60 days of publication. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

According to *Cavanaugh*'s second step, the court selects the "presumptively most adequate plaintiff" under a two-pronged approach. *In re Cavanaugh*, 306 F.3d at 730. First, the court "compare[s] the financial stakes of the various plaintiffs and determine[s] which one has the most to gain." *Id.* Second, the court "focus[es] its attention on *that* plaintiff and determine[s] . . . whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* At this preliminary stage of litigation, a "prima facie showing of typicality and adequacy" satisfies Rule 23. *In re Cendant Corp. Litig.*, 264 F.3d at 263; *Erikson v. Cornerstone Propane Partners LP*, No. C 03–2522 MHP, 2003 WL 22232387, at *3 (N.D. Cal. Sept. 15, 2003) (citing *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 587 (N.D.Cal.1999)). While Rule 23(a) outlines four requirements for parties litigating on behalf of class members, the court temporarily defers impracticability and common questions analysis until the class certification stage; "typicality and adequacy . . . are the main focus." *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *15 (N.D. Cal. Apr. 16, 2007) (citing *In re Cavanaugh*, 306 F.3d at 730.); *see also* Fed. R. Civ. P. 23(a).

Third and last, court must consider any purported class member's rebuttal evidence. *In re Cavanaugh*, 306 F.3d at 730. Rebuttal evidence would demonstrate that the presumptive lead plaintiff (1) "will not fairly and adequately protect the interests of the class" or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). When *Cavanaugh*'s three-step process turns adversarial at this stage, the court may need to hold an evidentiary hearing as well as renew typicality and adequacy determinations. *In re Cavanaugh*, 306 F.3d at 730-31 (citing *In re Cendant Corp. Litig.*, 264 F.3d at 268).

**B.    Lead Counsel Legal Standard**

In appointing a lead plaintiff's attorney as lead counsel, the court must consider

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A); *Patel v. Axesstel, Inc.*, No. 3:14-CV-1037-CAB-BGS, 2015 U.S. Dist. LEXIS 146949, at *8 (S.D. Cal. Oct. 23, 2015). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Even if only one movant seeks appointment as class counsel, the approvable "[c]lass counsel [is one who would] fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(2), (4).

## IV.   DISCUSSION

The Court will first consider whether Nicoya Capital is an appropriate party to serve as lead plaintiff before turning to the question of whether its counsel is equipped to lead this case.

**A.   Lead Plaintiff Analysis**

For the reasons discussed below, the Court appoints Nicoya Capital as lead plaintiff in this action.

**1.   Publication and Timely Motion Requirement**

The Court finds that the publication requirement under the PLSRA has been met. In compliance with statutory notice requirements, Rosen Law published notice concurrently with the complaint filing on November 8, 2016. (Ex. 1; Ex. A); *see* 15 U.S.C. § 78u-4(a)(3)(A)(i). Specifically, MarketWatch and BusinessWire circulated notice of this pending class action lawsuit against InfuSystem. (Ex. 1 at 1-2, ECF. No. 11-1; Ex. A at 1, ECF No. 15-1.) The notice included Rosen Law's contact

information, the allegations, class certification status, and directions for lead plaintiff motions.  (Ex 1; Ex. A.)  The notice also advised potential class members that the 60 day period to move for lead plaintiff would expire on January 9, 2017.  (Ex. 1; Ex. A.)  Importantly, the Defendants do not challenge adequacy of the notice.

Further, Nicoya Capital has complied with the timely motion requirement.  On January 9, 2017, within 60 days of the published notice, both Nicoya Capital and Salisbury timely moved the Court for appointment as lead plaintiff.  (ECF Nos. 9-10, 13-14.)

### 2.  Refutable Presumption of Lead Plaintiff

For this step, the Court first considers relative damages and determines that Nicoya Capital suffered greater damages than Salisbury.  Nicoya Capital claims $41,116.78 in losses from purchased InfuSystem securities.  (Ex. 3, ECF No. 11-3)  On the other hand, Salisbury asserts $1,898 in losses from the same securities.  (Ex. C, ECF No. 15-3.)  Thus, Salisbury's non-opposition brief in reply to Nicoya Capital's competing motion concedes that Nicoya Capital asserts the largest financial interest.  (Non-Opp'n 1, ECF No. 18.)  Importantly, neither party disputes the other's method for calculating the largest financial interest.

*Cavanaugh* annunciated that "a straightforward application of the statutory scheme . . . provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case. . . . So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job."  *In re Cavanaugh*, 306 F.3d at 732; *see also id.* at 739 (PSLRA was not meant to "authorize the district court to select as lead plaintiff 'the most sophisticated investor available'"); *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004) ("Although the court may compare putative lead plaintiffs when assessing financial stake, once the statutory presumption has attached, it cannot be rebutted through relative

1  comparison.").  As such, the Court concludes the statutory presumption attaches to

2  Nicoya Capital in this instance.

3      Second, the Court considers whether Nicoya Capital has made a prima facie

4  showing of typicality and adequacy and decides that it has.

5          ***i.     Typicality***

6      The proposed lead plaintiff's claims or defenses must be "typical of the claims

7  or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  "Typical" claims are "reasonably

8  co-extensive with . . . [the] absent class members[']; they need not be substantially

9  identical."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

10  Accordingly, the test "is whether other members have the same or similar injury,

11  whether the action is based on conduct which is not unique to the named plaintiffs,

12  and whether other class members have been injured by the same course of conduct."

13  *Patel*, 2015 U.S. Dist. LEXIS 146949, at *6 (quoting *Hanon v. Dataproducts Corp.*,

14  976 F.2d 497, 508 (9th Cir. 1992)).

15      Here, Nicoya Capital persuasively argues that its claims are typical of the class.

16  (Mot. 5, ECF No. 10.)  Nicoya Capital, "as did all of the members of the class,

17  purchased Company securities at prices artificially inflated due to Defendants'

18  misrepresentations and omissions, and was damaged thereby."  (*Id.*)  Because of

19  shared claims based on similar legal theory and events, Nicoya Capital satisfies the

20  typicality requirement under Fed. R. Civ. P. 23(a)(3).

21          ***ii.    Adequacy***

22      The proposed lead plaintiff must be able to "fairly and adequately protect the

23  interests of the class."  Fed. R. Civ. P. 23(a)(4).  In particular, the Ninth Circuit

24  annunciates that this inquiry actually addresses two questions: "(a) do the named

25  plaintiffs and their counsel have any conflicts of interest with other class members and

26  (b) will the named plaintiffs and their counsel prosecute the action vigorously on

27  behalf of the class?"  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir.

28  2000).  Moreover, the adequate plaintiff's counsel must be capable and qualified.  *In*

*re N.D. Cal.*, 693 F.2d 847, 855 (9th Cir. 1982); *In re Emulex Corp.*, 210 F.R.D. 717, 720 (C.D. Cal. Sept. 30, 2002).

Here, Nicoya Capital satisfies the adequacy requirement under Fed. R. Civ. P. 23(a)(4).  First, Nicoya Capital's losses demonstrate sufficient interest in the outcome. (Ex. 3.)  Second, neither Nicoya Capital nor Salisbury introduce evidence that Nicoya Capital's interest conflicts with those of other class members.  (Mot. 6; *see generally* Non-Opp'n 1.)  Finally, Nicoya Capital's counsel appears competent and experienced in securities litigation.  (Ex. 4, ECF No. 11-4.)  Thus, Nicoya Capital persuasively argues under this prong that it would adequately protect the interest of the class. (Mot. 6.)

### 3.      Rebuttal Evidence

Salisbury's non-opposition to Nicoya Capital's motion for lead plaintiff moots this step.  (*See* ECF No. 18.)  Because the Court is unaware of any contrary evidence against Nicoya Capital, the Court appoints Nicoya Capital as lead plaintiff.

## B.      Lead Counsel Analysis

Nicoya Capital's counsel, Rosen Law, satisfies statutory requirements for lead class counsel and would fairly and adequately represent the class.  Primarily, Rosen Law has been actively reviewing publicly available documents to investigate claims in this action.  (Mot. 6.)  Rosen Law has also previously prosecuted a number of similar securities fraud class actions and has been successful.  (*Id.*; Ex. 4, ECF. No. 11-4.) Indeed, Rosen Law's resume demonstrates recoveries that—over multiple suits— aggregate to a greater than $100 million.  (Ex. 4 at 8-9.)  Because Rosen Law appears competent to represent the class, the Court appoints Rosen Law as lead counsel.

/ /
/ /
/ /
/ /
/ /

# V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff Nicoya Capital's motion for appointment of lead plaintiff and lead counsel (ECF NO. 9) and **DISMISSES AS MOOT** Plaintiff Joseph Salisbury's motion (ECF No. 13).

**IT IS SO ORDERED.**

February 17, 2017

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**