O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| JOHN LECHNER, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INFUSYSTEM HOLDINGS, INC., ERIC K. STEEN, and JONATHAN P. FOSTER,<br><br>Defendants. | Case № 2:16-cv-08295-ODW(AGRx)<br><br>**ORDER DISMISSING LECHNER'S COMPLAINT FOR FAILURE TO COMPLY WITH COURT ORDER** |

## I. INTRODUCTION

This is a putative class action for securities fraud under sections 10(b) and 20(a) of the Securities Exchange Act of 1934. On November 8, 2016, Plaintiff John Lechner filed his Complaint against InfuSystem Holdings, Inc., Eric K. Steen, and Jonathan P. Foster (collectively, "Defendants"). (ECF No. 1.) Lechner then amended his Complaint on April 18, 2017. (ECF No. 28.) On December 15, 2017, the Court dismissed Lechner's First Amended Complaint ("FAC"), with leave to amend. (Order, ECF No. 42.) On December 20, 2017, the parties stipulated, and the Court extended, Lechner's time to amend the FAC up to January 19, 2018. (ECF Nos. 43–

43.) However, Lechner never filed an amended complaint. For the reasons below, the Court **DISMISSES** this action.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) allows a party, or the Court, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order…." "Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999). The Ninth Circuit reviews a dismissal under these rules for abuse of discretion. *Id.*

Here, the Court granted Lechner twenty-one days to amend from the date of its Order dismissing his FAC. (Order 19, ECF No. 42.) Five days later, the parties stipulated to continue that deadline to January 19, 2018.[1] (Stip., ECF No. 43.) The Court continued the deadline, as requested by the parties. (Order 1, ECF No. 44.) It is now ten days past Lechner's self-imposed deadline to amend, and he has not filed a second amended complaint.

When dismissing an action for failure to comply with a court order, the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). The Ninth Circuit affirms "a dismissal where at least four factors support dismissal, …or where at least three factors 'strongly' support dismissal." *Yourish*, 191 F.3d at 990

---

[1] The parties' stipulation and proposed order actually had the date, "January 17, 2017." However, the Court construed this as a typographical error, and entered an order that "Lead Plaintiff shall file a second amended complaint on or before **January 19, 2018**." (Order 1, ECF No. 44 (emphasis in original).)

2

1  (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992)). "Although it is
2  preferred, it is not required that the district court make explicit findings in order to
3  show that it has considered these factors and [the appeals court] may review the record
4  independently to determine if the district court has abused its discretion." *Ferdik*, 963
5  F.2d at 1261.

6      The Ninth Circuit has recognized that the first and fourth factors cut in opposite
7  directions. *See Yourish*, 191 F.3d at 990 (first factor always weighs in favor of
8  dismissal); *Hernandez*, 138 F.3d at 401 (fourth factor always weighs against
9  dismissal). Here, the second factor weighs in favor of dismissal. The Court must
10 manage its docket to ensure the efficient provision of justice, and Lechner filed his
11 Complaint in November 2016, more than a year ago.

12     The third factor addresses the potential risk of prejudice to the defendants.
13 Here, the risk of prejudice to the defendants is slight, to non-existent. If, after the
14 Court dismisses the action, Lechner does not seek reconsideration or other relief, then
15 defendants will have won. In the event that he does seek reconsideration, and the
16 Court grants it, the defendants may continue to defend the action.

17     As for the availability of less drastic sanctions, Lechner's failure to file an
18 amended complaint, or seek other relief, weighs in favor of dismissal. The Court
19 provided him adequate time to draft and file an amended complaint. The parties then
20 stipulated to continue the date by which Lechner needed to amend, and the Court
21 granted their request. Lechner may not escape dismissal with less drastic sanctions
22 where he requested the deadline with which he failed to comply. Further, Lechner is
23 represented by counsel who stipulated to the deadline to amend, and thus cannot claim
24 ignorance of deadlines or procedural requirements. Ten days have passed since the
25 deadline for Lechner to amend his Complaint, but he still has not sought relief from
26 the Court.

27     On balance, the factors set forth in *Hernandez* weigh in favor of dismissing this
28 action. *Yourish*, 191 F.3d at 990.

### III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this action with prejudice.

**IT IS SO ORDERED.**

January 29, 2018

---

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**